REID, Judge.
This is a suit for damages resulting out of an alleged illegal assault and battery committed on or about January 2, 1964 at the business address of defendant, Frank Manno, 1700 Government Street, Baton Rouge.
The record reveals that an altercation of some degree arose after a discussion between plaintiff, Mrs. Ruby Coleman, and defendant, Mr. Frank Manno, owner of Manno Sales and Service, Inc., regarding a bicycle which plaintiff had placed on layaway and subsequently had repaired. It was alleged that plaintiff entered into a calm discussion with Mr. Manno relative to the bicycle and that after termination of this discussion, she left his premises and had proceeded across 17th Street when she was attacked from behind by Mr. Manno and severely beaten, resulting in the loss of one tooth and the loosening of two others. The defendant, Mr. Manno, asserts, however, that the discussion was somewhat heated, resulting in Mrs. Coleman resorting to profanity, and that when he shook his finger in her face admonishing her not to address him in this manner, she bit first the index finger of his left hand and then when he attempted to extricate his finger from her mouth, she proceeded to bite his right hand. At any rate, a suit was filed on her behalf for damages resulting from an illegal assault and battery and after trial of the matter taking some three days, the trial judge ruled in favor of defendant and against plaintiff dismissing her suit at her costs on June 12, 1967. Plaintiff moved for a devolutive appeal June 27, 1967 and the appeal was granted on August 1, 1967. They assigned as errors the following:
Error No. 1: The Trial Judge erred in dismissing plaintiff’s suit and failing to make an adequate award to her for the injuries, pain, and suffering she sustained at the hands of the defendant, Frank Manno, and as a result of his improper conduct.
Error No. 2: The Trial Judge erred in overlooking or failing to recall and apply the testimony of six disinterested eye witnesses to this assault and battery.
Error No. 3: The Trial Judge erred in that he evidently accepted and used as the basis of his decision the testimony of the interested witnesses, the defendant, Frank Manno, Sr., his son, Frank Manno, Jr. and their employees, David Jefferson and Berlin Brumfield.
Error No. 4: The Trial Judge evidently erred in his application of the law to the incorrect facts being in error caused him not to find for plaintiff as he should have under the law and the correct interpretation of the facts.
The outcome of the case is dependent upon whether the court will accept plaintiff’s version of the incident or the version of defendant. Certainly, if it is found as a matter of fact that plaintiff’s version is more meritorious, then the court has no choice but to find that Mr. Manno launched an unprovoked attack upon plaintiff and injured her to some extent. However, if it is found as the trial court did, that Mr. Manno exerted only sufficient force to free his finger from plaintiff’s mouth and to prevent further injury, then it must be found that there was ample provocation for the defendant to use force and that the plaintiff’s suit was properly dismissed. In his written reasons for judgment, the Trial Judge pointed out that the plaintiff called approximately thirteen witnesses, including two doctors and two dentists while the defendant called five witnesses. As a result, the case took three days to be tried. The witnesses called by plaintiff to testify as to how the incident took place all stated pretty much that it *391 took place in the middle of 17th Street and that the defendant ran up to plaintiff and attacked her from behind. On the other hand, however, the defendant and his two witnesses, David Jefferson and Berlin Brumfield testified that the incident took place on the sidewalk within a few feet of the side entrance of the defendant’s place of business. Further, most of plaintiff’s witnesses testified that defendant’s son, Frank Manno, Jr., came out into the street and pulled the defendant loose from plaintiff while he was attacking her. However, the younger Mr. Manno testified that he knew nothing about the occurrence until someone told him that it had taken place and that when he went to investigate, he found his father standing at the side entrance of their business establishment with his hands bleeding. This testimony was verified by both Mr. Brumfield and Mr. Jefferson.
It was the testimony of plaintiff that at no time did she bite Mr. Manno; however, one of the investigating officers, Officer Cupit, testified that plaintiff admitted to him and to Officer Smith that she did bite Mr. Manno’s finger when they were investigating the incident. It was also pointed out that Dr. Lawrence J. Duvieilh testified that when he treated plaintiff on January 8th, that plaintiff told him that she had bitten someone and that her tooth had come out.
After considering the testimony given by the various witnesses and analyzing it in order to sift out any contradictions and incongruities, the Trial Judge arrived at the opinion that plaintiff had, as a matter of fact, bitten the defendant, Mr. Manno, after they had argued about the 'repair bill due for the bicycle and he had admonished her not to curse him further by shaking his finger in her face. The court further found that after plaintiff had bitten Mr. Manno’s finger, it was necessary for him to use a certain amount of force in order to free his finger from her bite and that defendant was justified in doing so.
 Any determination of liability in this case can be based on one thing and one thing alone; that is, whether the facts related by plaintiff and her witnesses were true or whether the facts related by defendant and his witnesses were true. Since the Trial Judge listened to' the testimony and has made a determination as to the veracity of the parties involved, this court is not at liberty to overturn a decision in the absence of manifest error resulting in an abuse of his discretion. For this reason, the judgment of the trial court must be affirmed.
Affirmed.